**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RUSSELL DAVID ADAMS, # 850487,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:14-CV-1276-D-BK** |
| | § | |
| **WILLIAMS STEPHENS, Director** | § | |
| **TDCJ-CID,[1]** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, which was automatically referred to the magistrate judge.  *See* 28 U.S.C. 636(b) and Special Order 3.  For the reasons that follow, it is recommended that the petition be summarily dismissed.

**I. BACKGROUND**

In 1998, Petitioner was convicted of aggravated robbery and sentenced to forty years' imprisonment.  *State v. Adams*, No. F98-02425 (283rd  Judicial District Court, Dallas County, Oct. 27, 1998), *aff'd* No. 05-98-02080-CR, 2000 WL 688271 (Tex. App.—Dallas May 25, 2000, pet. ref'd).  He unsuccessfully sought state habeas relief.  *See Ex Parte Adams*, No. WR-50,882-01 (Tex. Crim. App. Dec. 12, 2001) (denying state habeas application without written order); *Ex Parte Adams*, No. WR-50,882-02 (Tex. Crim. App. Mar. 17, 2010) (dismissing application

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must name as respondent the state officer who has custody" of petitioner.  Because petitioner challenges a conviction that has resulted in his incarceration in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), its director has custody of him.  TDCJ-CID Director William Stephens was therefore substituted as respondent in this case.

withdrawn by the petitioner).   On April 9, 2014, almost fifteen years after he was convicted,

Petitioner filed this federal petition challenging his conviction.   [Doc. 3 at 6-8].[2]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-

year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court

may consider *sua sponte*.  *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-329

(5th Cir. 1999).   As this federal petition appeared untimely filed, the Court directed Petitioner to

respond regarding the application of the one-year limitations period.   [Doc. 7].   In his response,

Petitioner indicates his reliance on *Trevino v. Thaler*, --- U.S. ---, 133 S.Ct. 1911 (2013), and 28

U.S.C. § 2244(d)(1)(C).  [Doc. 10 at 2].

Petitioner's reliance on section 2244(d)(1)(C) is unavailing.  Under that section, the one-

year limitations period is calculated from "the date on which the right asserted was initially

recognized by the Supreme Court."  *Dodd v. United States*, 545 U.S. 353, 358-359 (2005)

(addressing a materially identical provision under 28 U.S.C. § 2255); *Johnson v. Robert*, 431

F.3d 992 (7th Cir. 2005) (finding *Dodd* applicable to section 2244(d)(1)(C)).   Section

2244(d)(1)(C) applies only if the right has been (1) "newly recognized by the Supreme Court"

and (2) made retroactively applicable to cases on collateral review."  *Dodd*, 545 U.S. at 358.

Petitioner contends the Supreme Court's decision in *Trevino* created a new rule that

applies retroactively for purposes of section 2244(d)(1)(C).   However, *Trevino* and its precursor,

*Martinez v. Ryan,* ⸺ U.S. ⸺, 132 S.Ct. 1309 (2012), do not present a new rule of

constitutional law under section 2244(d)(1)(C).  *See Adams v. Thaler*, 679 F.3d 312, 323 n. 6

---

[2] The dates listed were verified through information available on the state court Internet web
pages (Dallas County and the Texas Court of Criminal Appeals (TCCA)) and the electronic state
habeas record obtained through the TCCA.

(5th Cir. 2012) (noting, in the context of a successive habeas application, that *Martinez* "was an 'equitable ruling' that did not establish 'a new rule of constitutional law.'"); *Arthur v. Thomas*, 739 F.3d 611, 629 (11th Cir. 2014) (noting, in the context of the AEDPA's one-year limitations period, that "[t]he *Martinez* rule is not a constitutional rule but an equitable principle."). Moreover, *Trevino* and *Martinez* relate only to the issue of cause to excuse a procedural default of an ineffective-assistance-of-trial-counsel claim and, thus, do not apply to the AEDPA's statute of limitations at issue in this case.  *See Arthur*, 739 F.3d at 630-631.

The Court concludes section 2244(d)(1)(C) is inapplicable here.  Thus, Petitioner's section 2254 petition is clearly outside the one-year statute of limitations absent equitable tolling or actual innocence.

A. Equitable Tolling and Mental Illness

To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted); s*ee also Holland v. Florida*, 560 U.S. 631, 635 (2010) (recognizing one-year statutory deadline is subject to equitable tolling in appropriate circumstances).  "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling.  *See Howland v. Quarterman*, 507 F.3d 840, 845-846 (5th Cir. 2007) (summarizing cases).  Unexplained delays do not evince due diligence or rare and extraordinary circumstances.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is

not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief."). Furthermore, Petitioner's *pro se* status, unfamiliarity with the law, and limited eighth grade education [Doc. 4 at 19-20] do not suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."); *Taylor v. Thaler*, No. 3:10-CV-2009-N-BK, 2011 WL 1045338 (N.D. Tex. Jan. 24, 2011), recommendation accepted, 2011 WL 1085160 (N.D. Tex. Mar. 22, 2011) (eighth grade education did not justify equitable tolling).

Petitioner asserts that he has suffered from mental health issues throughout his incarceration and that his "condition should be considered serious because it prevents him from working with machines with moving parts" and "follow complex instructions." [Doc. 4 at 19-20]. He states that he "needs representation by mental health dep't before disciplinary action may be taken,"[3] and that "in October of 2011 he stopped taking medication and was able to return to work." [Doc. 4 at 20].

While mental illness may support equitable tolling of the limitations period, *see Fisher*, 174 F.3d at 715, it does not do so as a matter of course and the petitioner still bears the burden of proving rare and exceptional circumstances. *Smith v. Kelly*, 301 Fed. Appx. 375, 378 (5th Cir. 2008) (unpublished per curiam). Moreover, unsupported, conclusory assertions of mental illness

---

[3] Although Petitioner references Exhibits 11-a and 11-b, neither is attached to the brief in support of his federal petition.

are insufficient to support equitable tolling. *Id.*  The mental illness must render the petitioner "unable to pursue his legal rights during" the relevant time period. *Id.; see also Hulsey v. Thaler*, 421 Fed. Appx. 386, 391 (5th Cir. 2011) (unpublished per curiam), *cert. denied*, 132 S. Ct. 1923 (2012) (affirming district court's refusal to equitably toll limitations period based on petitioner's mental condition, where petitioner was stable and capable of filing his petition for a period of time that lasted over one year).

Here, as in *Smith*, Petitioner has submitted nothing to demonstrate that, during the one-year period (in early 2000), he suffered from a mental illness that prevented him from pursing his legal rights.  Even assuming Petitioner was unable "to maintain a sound mind" during the one-year period, there is nothing in the record to suggest that his condition rendered him unable to pursue his legal rights, namely timely filing his section 2254 petition.  *See Lara v. Thaler*, No. 3:12-CV-4277-N-BK, 2013 WL 2317063 *3 (N.D. Tex. 2013) (declining equitable tolling because the records Petitioner submitted did not establish that his depression or depressive disordered prevented him from timely filing his federal petition); *Wilson v. Quarterman*, No. 3:08-CV-1339-M, 2008 WL 5350303 *3-4 (N.D. Tex. 2008) (declining equitable tolling because petitioner's vague, unsupported, self-serving allegations were insufficient to show he was incompetent to pursue his legal rights during the limitations period).  Further, as Petitioner concedes, his mental condition did not prevent him from submitting his initial and subsequent state habeas applications in 2001 and 2009.  [Doc. 4 at 20].

Accordingly, the Court concludes that Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case.  *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

B.  Actual Innocence

Petitioner also asserts that he is actually innocent of the crime he was convicted as a result of a "mistake of identity through an impermissible [sic] identification process."  [Doc. 10 at 2].  While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013).  To meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'"  *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, Petitioner presents no newly discovered evidence that would undermine this Court's confidence regarding the jury's finding of guilt.  Rather, he self-servingly avers that "[t]hough Petitioner [k]new, even stayed with the perportrator [sic] of the crime, petitioner was not the person who committed this crime."  [Doc. 10 at 2].  Accordingly, the "actual innocence" exception is not applicable to this case, and the federal petition should be dismissed as time barred.  *Perkins*, 133 S. Ct. at 1936 (the actual innocence gateway is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.") (quotations and quoted case omitted).

C.  Rule 60(b)(4) Motion

Along with his response regarding the applicability of the limitations bar in his case, Petitioner filed a *pro se* Motion to Void Judgment under Rule 60(b)(4), of the Federal Rules of Civil Procedure.  [Doc. 9].  Petitioner's Rule 60(b)(4) motion is wholly meritless.

Under that rule a judgment may be set aside as "void" if the district court lacked subject matter or personal jurisdiction, or if the court acted in a manner inconsistent with due process of law. *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003). "[A] Rule 60(b)(4) challenge to jurisdiction should be sustained only where there is a clear usurpation of power or total want of jurisdiction." *Id.* at 208 (quoted cases omitted). But in this case, the Court has yet to issue a final judgment and, in any event, Petitioner does not challenge this Court's jurisdiction under 28 U.S.C. § 2254. As best as the Court can decipher, Petitioner seeks to challenge the underlying state court judgment in his criminal case. He asserts the trial judge "acted 'without subject matter jurisdiction,'" there was "a variance between the complaint and the indictment," and the state indictment was void from its inception. [Doc. 9 at 1-2]. Thus, the provisions of Rule 60(b)(4) do not apply.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations. It is also recommended that Petitioner's Motion to Void Judgment under Rule 60(b)(4) [Doc. 9] be **DENIED**.

SIGNED June 13, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE